UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60665-CIV-DIMITROULEAS

THE NORTH FACE APPAREL CORP., *et al.*,

      Plaintiffs,

vs.

THENORTHFACEISTANBUL.COM, *et al.*,

      Defendants.

_____/

## ORDER GRANTING MOTION TO ENFORCE JUDGMENT FOR A SPECIFIC ACT

THIS CAUSE is before the Court upon Plaintiffs' Motion to Enforce Judgment for a Specific Act (the "Motion") [DE 23], filed herein on August 10, 2022. The Court has carefully considered the Motion, notes that it was served on the website http://servingnotice.com/VR4mW/index.html on August 10, 2022, *see* [DE 23] at 6, notes that no responses to the motion have been filed and that the time to respond has passed, and is otherwise fully advised in the premises.

On May 11, 2022, Plaintiffs filed a Motion for Entry of Final Default Judgment and Permanent Injunction against Defendants, the Individuals, Business Entities, or Unincorporated Associations identified on Schedule "A" to the Motion (collectively "Defendants") for failure to appear, answer or otherwise plead to the complaint filed herein within the time required. *See* [DE 13]. On May 26, 2022, the Court entered Final Default Judgment and Permanent Injunction (the "Permanent Injunction") [DE 18], which permanently enjoined Defendant from, *inter alia*, manufacturing, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using Plaintiff's trademarks, or any confusingly

similar trademarks, identified in Paragraphs 21-22, 28, 34, 40, and 46 of the Complaint and Schedules "B" through "F" attached thereto (the "Plaintiffs' Marks"), on or in connection with the Subject Domain Names.

In addition, the Permanent Injunction, among other things, ordered the Subject Domain Names, which are owned by Defendants, "to be immediately transferred by Defendants, their assignees and/or successors in interest or title, and the Registrars to Plaintiffs' control." *See* [DE 18] ¶ 2(a). Furthermore, the Permanent Injunction ordered (i) all rights, title, and interest to the Subject Domain Names be transferred by Defendants, their agent(s) or assign(s), to Plaintiff, and (ii) the Subject Domain Names be delisted or deindexed from all search engines per the written instruction of Defendants, their agent(s) or assign(s). *See* [DE 18] ¶¶ 2(d), (e).

Rule 70(a) of the Federal Rules of Civil Procedure ("Rule 70") provides that with respect to a party's failure to perform a specific act required by a judgment "the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party." Because certain Defendants have failed to comply with the Court's domain transfer directive within the time period set forth in the Permanent Injunction, the Court finds it appropriate pursuant to Rule 70 to appoint a third-party to execute the specific act ordered therein ([DE 18] ¶¶ 2(a), (d), and (e)) on behalf of those Defendants.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion [DE 23] is hereby **GRANTED**; and

2. The Court appoints the **CLERK OF COURT** as the third-party to execute the documents attached as Composite Exhibit "1" to Plaintiffs' Motion [DE 23-1], and

---

[1] Plaintiffs are limiting their request for relief as to the specific Internet websites and associated domain names identified on Schedule "A" hereto. *See* [DE 23-2] ¶ 2, n.1.

thereby transfer all dominion and control, and right, title, and interest in and to the Subject Domain Names identified on Schedule "A" hereto, from those Defendants to Plaintiffs, The North Face Apparel Corp., TBL Licensing LLC, Vans, Inc., Altra LLC, and Jansport Apparel Corp.

3. Plaintiffs are ordered to serve a copy of this Order upon Defendants (a) via e-mail to the e-mail accounts provided by Defendants as part of the domain registration records for each of their respective domain names, including service via registrar, or directly on the Internet websites operating under each of the corresponding domain names, including customer service e-mail addresses and onsite contact forms; and (b) by publicly posting a true and accurate copy of the foregoing on Plaintiffs' Website appearing at http://servingnotice.com/VR4mW/index.html, and file proof of such service with the Court.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward Country, Florida, this 25th day of August, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:
Counsel of Record